**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

**Date:**   **November 13, 2007**

Courtroom Deputy:  Ginny Kramer
Court Reporter:        Suzanne Claar
Probation Officer:    Caryl Ricca

_____

**Criminal Case No.   06-cr-00392-REB**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Matthew Kirsch |
| v. | |
| 1.      DOUGLAS MALITO,<br>                   Defendant. | David Miller |

_____

**SENTENCING MINUTES**
_____

**1:30 p.m.**     **Court in Session:**

The Defendant is present in court (on bond).

Appearances of counsel.

Court's opening remarks.

The Defendant is sworn.

Pursuant to 18 U.S.C. § 3352 and F.R.Cr.P.32, the Probation Department has conducted a presentence investigation and has filed a presentence report.

Counsel for the Defendant informs the Court that he has read and discussed the presentence report with the defendant.

Defendant's counsel made a statement on behalf of the defendant, offered information in mitigation of his punishment and  commented on the probation officer's determinations and other matters affecting sentence.

Statements to the court by the government.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offense for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. §3551.
4. The presentence report and addenda.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3662, 3582(a), and 3553(a)(1)-(7).
7. The position of the government, the defendant, and the probation department.

The Defendant entered a guilty plea on to count one of the Indictment.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It was ordered as follows:**

1. That the plea agreement of the parties as stipulated in Court's Exhibits 1 and 2 is formally approved.

2. That the Government's Motion for Downward Departure pursuant to 5K1.1 [#87], filed October 12, 2007, is **granted**. That the Government's Motion to Dismiss Counts 2 - 18 [#99], filed November 13, 2007, is **granted**; provided furthermore, that Counts 2 - 18 are dismissed with prejudice. That the Government's Motion for Decrease for Acceptance of Responsibility [#100] filed November 13, 2007, is **granted.** That the defendant's Motion for Downward Departure is **denied**.

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count One of the Indictment.

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant, is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **thirty (30) months.**

5.  That on release from imprisonment, the defendant shall be placed on supervised release for a term of **five (5) years**; provided furthermore, that within 72 hours of his release from imprisonment and the custody of the Bureau of Prisons, defendant shall report in person to the probation department within the district to which he is released.

6.  That while on supervised release, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. §3583(d).

7.  That while on supervised release, the defendant shall comply with all standard conditions of supervised release in effect throughout this district as imposed by the court.

8.  That while on supervised release, the defendant shall comply with the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state or municipal statute, regulation or ordinance in any jurisdiction or place where he may be during the term of his supervised release;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not posses or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of his DNA.;

    - that the defendant shall not incur new credit charges or open additional lines of credit without the advance written approval of his probation officer, unless the defendant is then in full compliance with the periodic payment obligations imposed by this court;

    - that the defendant, at his own expense, as direct by the probation department, shall undergo a mental health evaluation, and thereafter, at his own expense, receive any treatment, therapy, counseling, testing, or education, including but not limited to such treatment, therapy, counseling, or education for anger management as prescribed by the evaluation or ad directed by the probation department or as ordered by the court; provided furthermore, that the authorizes the probation to release to any

    treatment entity or agency all psychological reports and/or the presentence report to insure continuity of mental health treatment; and

- that the defendant shall pay restitution and the special victims fund assessment as ordered by the court.

9. That no fine is imposed.

10. That the defendant shall pay forthwith a special victim's fund assessment of $100.00.

11. That the defendant shall pay restitution for the benefit of the victims and in the amounts identified and enumerated in the second addendum to the presentence report on pages A1, A2, and A3, payable in care of the Clerk of Court in full in the amount of $1,506,023, to be paid by the defendant in installments of not less than $300.00 per month during the term of supervised release as directed by the probation officer. That interest on restitution is waived.

12. That the victims Mortgage IT and CIT Group have until the close of business 30 days from today to formally request restitution; provided furthermore, that if Mortgage IT or CIT Group files such a formal request in the time provided by the Court, then the parties shall meet and confer and file their respective status report concerning any such additional restitution claims by these two remaining victims.

13. That the Court retains jurisdiction of this action to consider and impose additional restitution in favor of Mortgage IT and CIT Group.

14. That the mandatory drug-testing provisions of 18 U.S.C. § 3583 D are waived .

15. That presentence confinement shall be determined by the Bureau Prisons under 18 U.S.C. § 3585.

16. That the defendant shall surrender voluntarily to the institution designated by the Bureau of Prisons within fifteen (15) days of the designation, as notified by the probation department and as ordered by this court.

Defendant waives formal advisement of appeal.

**2:25 p.m.**     **Court in Recess.**

*Total in court time:   00:50 minutes - Hearing concluded*